## William Richards, Defendant in Error, v. Charles Adams, Plaintiff in Error.

VERDICTS—*when not disturbed as against the evidence.* A verdict will not be set aside on review as against the evidence where not clearly and manifestly against its weight.

Action in case for personal injuries. Error to the Circuit Court of

Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the May term, 1910. Affirmed. Opinion filed May 26, 1911.

A. M. FITZGERALD, for plaintiff in error; ROY M. SEELEY, TIMOTHY MCGRATH and GILLESPIE & FITZGERALD, of counsel.

JOHN C. SNIGG and JOHN P. SNIGG, for defendant in error.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

This is an action brought by defendant in error, by his next friend, against Charles Adams, plaintiff in error, to recover damages for an injury inflicted upon defendant in error by a gunshot fired by plaintiff in error while a member of the police force of the city of Springfield, in an attempt to arrest defendant in error. Trial below resulted in a judgment against plaintiff in error for $800, and it is to reverse that judgment that this appeal is prosecuted.

The record discloses that during the night of May 20, 1909, information was received by the police department of the city of Springfield from the sheriff of Morgan county, Illinois, that five prisoners had broken jail, that they were under indictment in Morgan county for felonies, and the police department of the city of Springfield was requested by the sheriff of Morgan county to assist in apprehending these fugitives. Shortly after the jail delivery in Morgan county, a train on the Wabash Railroad left Jacksonville for Springfield; it was a through train and made no stops between Jacksonville and Springfield. Upon receipt of the information in Springfield, Sutton, the night sergeant, proceeded to the yards of the Wabash Railroad in the south part of the city, there met plaintiff in error, Adams, and one Morgan, another police officer of the city of Springfield. The night sergeant requested Morgan and Adams to meet the Wabash train then expected from Jacksonville, to make a search of the train, and arrest all suspicious characters found. A train of about thirty cars soon approached and at a junction near Tenth and Eighth streets the train stopped. Search was

made by Patrolman Morgan and defendant Adams of the box cars; after this search they separated; Morgan proceeded to the rear of the train and Adams boarded the train near the front end. After he had proceeded on top of the cars a short distance he saw defendant in error Richards and a companion, Rauth, walking towards the engine at the side of the train. Adams immediately called to them to stop and started to get off the train. His command to stop was unheeded; defendant in error and his companion started on a run towards the rear of the train. After reaching the ground, plaintiff in error fired a number of shots, as he says, into the air in an endeavor to cause defendant in error and his companion to stop; while they were still running from him he fired the fifth and last shot in his revolver, as he says, into the ground. If the shot was fired into the ground, the bullet deflected and struck Adams in the small of the back; he was then a considerable distance in front of plaintiff in error. Defendant in error stumbled and fell; plaintiff in error paid no attention to him but continued after his companion who proceeded to the rear end of the train where the other patrolman Morgan had gone. Morgan finally captured Rauth, the companion of defendant in error; they then proceeded to the point where defendant in error had fallen, but he had disappeared; he had recovered sufficiently to proceed to the home of his sister in the eastern part of Springfield, where he was intending to go when first accosted by plaintiff in error. Upon reaching his sister's home Dr. Walters was called, defendant in error was taken to the hospital where he was attended by Dr. Walters for about three weeks; the bullet was not removed from his body.

The right of recovery in this case is based upon charges of negligence on the part of the police officer Adams in using more force than was necessary to make an arrest and that there was no reasonable cause to believe that defendant in error was guilty of committing a felony. The defense made by plaintiff in error is that being a regularly commissioned police officer of the city of Springfield, from the information which he had received, there was reasonable ground for sus-

pecting that defendant in error was guilty of having committed a felony, that by reason thereof he was justified in attempting to make .the arrest without a warrant and that he used no more force than was reasonably necessary in making the arrest. There are no questions of law raised upon this record, it being conceded by defendant in error that if a felony had been committed and plaintiff in error had reasonably sufficient grounds for the belief that defendant in error was guilty of having committed a felony then plaintiff in error was justified in attempting to make the arrest. It is also conceded by defendant in error that if these conditions existed and the arrest was made with the use of no more force than was reasonably necessary to accomplish it, then there is no liability on the part of plaintiff in error. These questions raised were questions of fact, and it was the duty of the jury to determine them from all of the evidence in the case; by their verdict they have found these facts contrary to the contention of plaintiff in error.

Plaintiff in error did not know that either defendant in error or his companion had been upon that train, he merely suspected it from their being there at that time. Defendant in error explains the running of himself and companion by saying that they did not know plaintiff in error was an officer, that he alighted from the train near them and commanded them to stop, that they were in a lonely part of Springfield, had just returned from a long trip in the west in search of work, that they became frightened and ran from plaintiff in error.

Upon the question of the use of more force than was reasonably necessary it is contended by defendant in error that the plaintiff in error knew that his co-officer, Patrolman Morgan, was at or near the rear end of the train, the place towards which defendant in error and his companion were running, and it was Morgan who finally captured Rauth, the companion of defendant in error, and that plaintiff in error should have known or had reason to believe that Morgan would apprehend the parties when they arrived at the rear

158      APPELLATE COURTS OF ILLINOIS.

Commissioners of Highways v. Drainage Commrs., 162 Ill. App. 158.

end of the train, and there was no necessity for using his gun.

A majority of the court hold that the evidence warrants and sustains the finding of the jury and that it should not be disturbed.

It is insisted by plaintiff in error that the court erred in modifying instructions offered by him. After a careful examination of these instructions we find the modifications were proper, and that no error was made therein by the trial court.

There being no reversible error in this record, judgment below is affirmed.

*Affirmed.*